IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAVIER HERRERA, | ) |
|     Plaintiff | ) JUDGE KOCORAS |
| v. | ) No. 01C 6797 |
| THE CITY OF CHICAGO, a Municipal Corporation; MARY B. RICHARDSON-LOWRY, Building Commissioner of the City of Chicago; PURA S. BASCOS, Director of Fast Track Demolition for the City of Chicago; JOHN DOES; and ALLSTATE INSURANCE COMPANY; | ) JURY DEMAND ) ) MAGISTRATE JUDGE BOBRICK ) DOCKETED |
|     Defendants. | ) AUG 3 1 2001 |

### COMPLAINT

NOW COMES Javier Herrera, plaintiff, by and through his attorneys, Gregory J. Schlesinger, Schlesinger & Robins, Ltd. and the Law Offices of Anthony M. Petrone, and complaining of the defendants the City of Chicago ("City"), a municipal corporation; Mary B. Richardson-Lowry ("Richardson-Lowry"), Building Commissioner of the City of Chicago; Pura S. Bascos ("Bascos"), Director of Fast Track Demolition for the City of Chicago; John Does; and Allstate Insurance Company ("Allstate"), states as follows:

### INTRODUCTION

1. This action seeks redress for violations of plaintiff's civil rights in connection with the demolition

1

of his real property without proper notice or due process of law. Actions of Richardson-Lowry, Bascos, John Does and the City violated 42 U.S.C. § 1983 by depriving plaintiff of his rights and property under color of the laws of the State of Illinois and Municipal Ordinances of the City of Chicago without due process of law.

2. Plaintiff also asserts state law tort claims for common-law trespass upon his property, common-law conversion of his personal property and claims against the defendant Allstate for Improper Claims Practice, pursuant to 215 ILCS 5/154.6, and Breach of Contract.

## JURISDICTION AND VENUE

3. This is a civil action for damages brought pursuant to 42 U.S.C. Sec. 1983. This Court has jurisdiction under 28 U.S.C. Sec. 1331 and 1343. Venue in this district is proper, in that the claim arose here and all parties are found here.

## PARTIES

4. Plaintiff, Javier Herrera is an individual who resides in the City of Chicago, Illinois.

5. Defendant, Mary B. Richardson-Lowry, ("Richardson-Lowry") is the Commissioner of the Department of Buildings of the City of Chicago.

2

6. Defendant Pura S. Bascos, ("Bascos") is the director of Fast Track Demolition for the City of Chicago.

7. Defendant, the City of Chicago ("City"), is a Municipal Corporation organized and existing under the laws of the State of Illinois and exercising territorial jurisdiction over a geographical area situated in the County of Cook and State of Illinois.

8. Defendants John Does are employees of the City of Chicago who participated in ordering, authorizing, and/or carrying out the demolition of the plaintiff's property.

9. Defendant, Allstate Insurance Company ("Allstate"), is a corporation organized under the laws of the State of Illinois, and at all times relevant to this action, under contract, acted as insurer of plaintiff's property at 1627 N. Clybourn Ave. Chicago, Illinois.

## COUNT I

10. The plaintiff realleges paragraphs 1 through 9 as if fully set out herein.

11. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiff's constitutional rights. This court has jurisdiction under 28 U.S.C. Sec. 1331 and 1343.

3

12. At all times relevant to this proceeding, plaintiff, Javier Herrera, owned a building located at 1627 N. Clybourn Ave., Chicago, IL.

13. On or about April 7, 2000 plaintiff's property at 1627 N. Clybourn was damaged by fire.

14. On or about July 5, 2000, The City of Chicago initiated a suit against plaintiff in the Circuit Court of Cook County, Municipal Division (Case 00 M 1403256), for alleged building code violations relating to plaintiff's building and property located at 1627 N. Clybourn Ave., Chicago, claiming in its suit that these violations could lead to various sanctions, including the demolition of plaintiff's building.

15. Thereafter, the City served plaintiff with summons and a copy of the complaint filed in the Circuit Court of Cook County at his place of residence at 4111 W. Cornelia, Chicago.

16. On or about September 19, 2000, plaintiff and an attorney appeared in the Circuit Court of Cook County in response to the complaint filed by the City. At that time the case was continued to January 9, 2001, for further proceedings. No order was entered by the Circuit Court authorizing the City to demolish, alter, or in anyway interfere with the plaintiff's property.

17. On or about October 24, 2000, while plaintiff was awaiting his January 9, 2001, court hearing in Case No. 00M1403256, regarding the 1627 N. Clybourn property, Defendants John Does and others, as authorized and directed by defendants Richardson-Lowry and Bascos, demolished plaintiff's building.

18. Prior to October 24, 2000, the date of demolition, although plaintiff had been served with summons and a court complaint, and had responded thereto, no notice of Fast Track Demolition proceedings was sent to plaintiff's residence, and plaintiff was given absolutely no notice that his building at 1627 N. Clybourn was to be demolished.

19. Defendants Richardson-Lowry, Bascos and John Does carried out the demolition of plaintiff's property under the color of law, purportedly under the City's "Fast Track Demolition" program.

20. Defendants Richardson-Lowry, Bascos and John Does acted with deliberate indifference to the plaintiff's rights, and willfully and wantonly failed to give notice to plaintiff of the demolition of his property, thereby depriving him of his right to property without the due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

5

21. Plaintiff was deprived of his property without opportunity to be heard at a meaningful time and in a meaningful manner prior to said deprivation. Defendants' actions deprived plaintiff of his rights as guaranteed by the United States Constitution.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of the plaintiff and against the defendants Richardson-Lowry, Bascos, and John Does, as follows:

    a. For compensatory damages, including value of demolished property and the value of personal property contained therein;

    b. For punitive damages;

    c. For attorney's fees pursuant to 42 U.S.C. § 1988, litigation expenses and costs; and

    d. For any other or further relief that the Court deems just.

## COUNT II

22. The plaintiff realleges paragraphs 1 through 21 as if fully set out herein.

23. The City of Chicago has instituted a "Fast Track Demolition" program, whereby buildings are demolished (1) without a court order, (2) without notice or adequate opportunity to be heard, and (3) in the absence of the sort

6

of extreme emergency that constitutionally justifies immediate destruction of private property.

24. The "Fast Track Demolition" program was approved by the Mayor of the City of Chicago, Richard M. Daley, and is overseen and directed by Richardson and Bascos.

25. The City has procedures for building code violations, but does not utilize these procedures for Fast Track Demolitions. Chicago Municipal Code § 13-14-050 requires the City to obtain a Court order prior to demolition, but the City does not obtain a Court order in Fast Track Demolition proceedings.

26. The City suggests that under the "Fast Track Demolition" program, a building may be demolished without a court order or hearing, with notice to the owner, if it is open and vacant and an immediate and continuing hazard to the community in which the building is located.

27. The City's procedure for identifying and determining which buildings are open, vacant, and an immediate continuing hazard has no clearly defined form or structure, and is insufficient to comport with due process.

28. The City has a pattern and practice of failing to comply with the notice requirements of the Municipal Code.

29. When the City's building department re-inspects buildings in order to determine whether the property owner

7

has remedied the purported hazard prior to demolition, the City does not provide adequate notice that the owner's efforts are inadequate.

30. The city carries out "Fast Track Demolition" even when a building is the subject of Court proceedings under Section 13-14-010 of the Municipal Code.

31. Furthermore, notice, when provided, does not adequately identify what the owner must do to avoid demolition. The City's demolition of buildings without notice and a court order, or hearing, is an express policy, which, when enforced causes an unconstitutional deprivation of property without adequate notice or prior opportunity to be heard.

32. The City's Fast Track Demolition program, and the program's failure to provide adequate notice constitute a persistent and widespread course of conduct, a customary practice, and are used with the force of law.

33. Since the implementation of the Fast Track Demolition program, there have been repeated instances, and a widespread practice, of buildings being demolished without notice to the property owners. The City has failed to make any appropriate effort to prevent such wrongful deprivations of property. The City has thereby endorsed a custom and practice, and adopted a de facto policy, of

8

failing to notify property owners of demolition, that is violative of due process of law.

34. By its policies of nonfeasance, and deliberate indifference, the City has condoned and ratified the deprivation of property without notice and due process of law and the injury suffered by the plaintiff was thereby proximately caused by the City and the implementation of its policies.

35. The injury to the plaintiff resulted from the implementation of the Fast Track Demolition program as was authorized and ordered by City policymakers and persons with final policymaking authority, namely, Daley, Richardson-Lowry, and Bascos.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of the plaintiff and against the defendant City of Chicago, as follows:

   a. For compensatory damages, including value of demolished property and the value of personal property contained therein;

   b. For attorney's fees pursuant to 42 U.S.C. § 1988, litigation expenses and costs; and

   c. For any other or further relief that the Court deems just.

9

## COUNT III - COMMON LAW TRESPASS

(PENDENT STATE LAW CLAIM)

36. The plaintiff realleges paragraphs 1 through 35 as if fully set out herein.

37. Defendants Richardson-Lowry, Bascos, and John Does, entered upon the property of the plaintiff without permission or lawful authority.

38. Defendants Richardson-Lowry, Bascos, and John Does, caused the destruction of plaintiff's property as a result of their unlawful entry.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against the defendants Richardson-Lowry, Bascos, and John Does, as follows:

a. For compensatory damages, including value of demolished property and the value of the personal property contained therein;

b. For punitive damages;

c. For attorney's fees, litigation expenses and costs; and

d. For such other or further relief that the court deems just.

## COUNT IV - COMMON LAW CONVERSION

(PENDENT STATE LAW CLAIM)

39. The plaintiff realleges paragraphs 1 through 38 as if fully set out herein.

10

40. Defendants Richardson-Lowry, Bascos, and John Does, through their actions and demolition practices, deprived plaintiff of his personal property without consent.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against the defendants Richardson-Lowry, Bascos, and John Does, as follows:

   a.   For compensatory damages, including the value of the personal property contained therein;

   b.   For punitive damages;

   c.   For attorney's fees, litigation expenses and costs; and

   d.   For such other of further relief that the Court deems just.

### COUNT V- IMPROPER CLAIMS PRACTICE

(PENDENT STATE LAW CLAIM)

41. Plaintiff realleges paragraphs 1 through 40 as if fully set out herein.

42. On or about February 14, 2000, plaintiff entered into a contract with Allstate whereby Allstate was to insure the property at 1627 N. Clybourn against damages, including those caused by fire.

43. On or before August 8, 2000, plaintiff tendered a "proof of loss statement" to Allstate Insurance Corporation

11

for the damage resulting from the fire at his property at 1627 N. Clybourn Ave.

44. As of the date of demolition of plaintiff's property, October 24, 2000, Allstate had failed to offer, nor certainly to tender, any type of payment for Plaintiff's claim of damages to the property.

45. Defendant Allstate, through its own negligence failed to promptly settle plaintiff's legitimate claim contrary to plaintiff's insurance policy and 215 ILCS 5/154.6.

46. Defendant Allstate, through its failure to promptly settle plaintiff's claim, caused plaintiff's property to remain damaged, which caused plaintiff's building to be alleged to be in violation of municipal building codes, which violations gave rise to the circumstances described that led to the destruction of plaintiff's property.

WHEREFORE, plaintiff requests that the court enter judgment in his favor and against the defendant Allstate as follows:

    a. For Compensatory Damages, including value of demolished property and the value of personal property contained therein;

    b. For Punitive Damages;

    c. For Attorney's fees and costs; and

    d.    For any other relief the court deems just.

## COUNT VI- BREACH OF CONTRACT

(PENDANT STATE LAW CLAIM)

47. Plaintiff realleges paragraphs 1 through 46 as if fully set out herein.

48. Defendant Allstate, through its own actions, failed to settle plaintiff's legitimate claim in a prompt an efficient manner after plaintiff had submitted a "proof of loss" statement.

49. Through its failure to settle plaintiff's claim promptly and efficiently, defendant Allstate, breached its contract with plaintiff by failing to perform under the express terms of the agreement.

WHEREFORE, plaintiff requests that the court enter judgment in his favor and against defendant Allstate as follows:

    a.    For compensatory damages including value of demolished property and the value of personal property contained therein;

    b.    For punitive damages; and

    c.    For any other relief the court deems just.

Respectfully Submitted,

*[signature]*

Gregory J. Schlesinger
Attorney for Plaintiff

*Anthony M. Petrone* (signature)
_____
Law Offices of
Anthony M. Petrone, P.C.
Attorney for Plaintiff


Gregory J. Schlesinger
Schlesinger & Robbins Ltd.
150 N. Wacker Drive
Suite 2460
Chicago, IL. 60606
(312) 781-0020

Anthony M. Petrone
Law Offices of Anthony M. Petrone, P.C.
150 N. Wacker Drive
Suite 2460
Chicago, IL 60606
(312) 553-9500

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Javier Herrera

## DEFENDANTS
THE CITY OF CHICAGO, a municipal corporation, et al.

*Cat I*

**DOCKETED AUG 31 2001**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __COOK__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**JUDGE KOCORAS**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory J. Schlesinger
Anthony M. Petrone
150 N. Wacker Drive, Suite 2460
Chicago, IL 60606
(312) 781-0020   (312) 553-9500

ATTORNEYS (IF KNOWN)

**01C 6797**

**MAGISTRATE JUDGE BOBRICK**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 1983 - DEPRIVATION OF CIVIL RIGHTS

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. REMARKS
General Rule 2.21 D(2)
In response to ☒ is not a refiling of a previously dismissed action
this case ☐ is a refiling of case number _____ of Judge _____

DATE: 8-30-01

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

UNITED STATES DISTRICT COURT

1-2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE KOCORAS

**In the Matter of** Javier Herrera vs. The City Of Chicago, a municipal corporation et al.

**Case Number:** 01C 6797

DOCKETED

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: Plaintiff

AUG 3 1 20

Javier Herrera

MAGISTRATE JUDGE BOBRICK

| (A) | (B) |
|---|---|
| SIGNATURE: *(signed)* | SIGNATURE: *(signed) Anthony M. Petrone* |
| NAME: Gregory J. Schlesinger | NAME: Anthony M. Petrone |
| FIRM: SCHLESINGER & ROBBINS, LTD. | FIRM: A PROFESSIONAL CORPORATION |
| STREET ADDRESS: 150 N. Wacker Drive, Suite 2460 | STREET ADDRESS: 150 N. Wacker Drive, Suite 2460 |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: Chicago, IL 60606 |
| TELEPHONE NUMBER: (312) 781-0020 | TELEPHONE NUMBER: (312) 553-9500 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 2487675 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 3124694 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

FILED 01 AUG 30 AM 11 04 CLERK U.S. DISTRICT

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.